# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-30564
Summary Calendar

Lyle W. Cayce
Clerk

RICKEY EVANS,

Plaintiff-Appellant

v.

TRAVIS WILLIAMS; BARRETT BOEKER; STEVE BRENGETTSY; RANDY
DUCOTE; JIMMY SMITH,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-43

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rickey Evans, Louisiana prisoner # 108026, has filed a motion to proceed in forma pauperis (IFP) on appeal challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997). The district court dismissed Evans's 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies because Evans conceded that his appeal from the decision rendered following his disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding was rejected as untimely. Following the denial of a postjudgment motion for reconsideration, Evans filed a notice of appeal.

Evans's IFP "motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The notice of appeal in this case was not filed within 30 days of the entry of judgment. *See* FED. R. APP. P. 4(a). Evans's motion for reconsideration was filed more than 10 days after the entry of the order it challenged, and it is properly construed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b) that did not suspend the time for filing a notice of appeal. *Id.* We thus conclude that Evans's notice of appeal is timely only as to the denial of his motion for reconsideration. This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Evans argues that his appeal from the disciplinary decision was untimely through no fault of his own. He asserts that prison officials repeatedly separated him from his papers and damaged or destroyed his appeal drafts until he was finally able to file an appeal several months after his disciplinary hearing. Evans's argument cannot be construed as one of excusable neglect warranting relief under Rule 60(b)(1) because he alleges that his failure to file a timely appeal was the result of reasons beyond his control. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993). Evans does not assert, and the record does not suggest, the applicability of Rule 60(b)(2), (3), (4), or (5). Nor do Evans's allegations demonstrate the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Accordingly, the denial of Evans's Rule 60(b) motion

was not an abuse of discretion.  *See Edwards*, 78 F.3d at 995; *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

The district court's certification that Evans's appeal is not taken in good faith is upheld, his motion for IFP status on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24.  The dismissal of this appeal as frivolous counts as a strike for the purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Evans that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.